### Cleveland, C., C. and St. L. R. Co. v. Ducharme.

1. *Railroads—Liability for Gross Negligence.*—A horse was killed upon a railroad track at a place where it had no right to be, and where it would not have been but for the drunkenness and negligence of the owner's servant. It appeared that the owner had notice of his servant's drunkenness, and had been warned not to allow him to drive the horse. *It was held,* that a recovery could not be sustained, unless the servants of the railroad company, operating the train, were guilty of gross negligence.

2. *Instructions—Negligence of the Plaintiff as a Defense.*—In an action against a railroad company for killing a horse it appeared that the owner intrusted the horse to a drunken servant, and it ran away, getting upon the track where it was killed; the court instructed the jury that before the defense of negligence on the part of the plaintiff could prevail it should appear that such negligence was the natural and proximate cause of the injury, and must be contemporaneous in point of time. *It was held,* erroneous, as it excluded from the jury the negligent act of the drunken driver.

**Memorandum.**—Action for killing domestic animals. Appeal from the Circuit Court of Kankakee County; the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the May term, 1893. Opinion filed December 12, 1893.

The statement of facts is contained in the opinion of the court.

APPELLANT'S BRIEF, T. P. BONFIELD, ATTORNEY.

It is not the law that plaintiff's negligence is not contributory because it was not direct. No such limitation has been recognized by the courts. If the negligence of the plaintiff

C., C., C. & St. L. R. Co. v. Ducharme.

directly or indirectly contributed to the injury, the plaintiff can not recover.    Button v. R. R. Co., 18 N. Y. 248; Runyon v. Cent. R. R., 1 Dutch. N. J. 556; Telfer v. R. R. Co., N. J. L. 188; N. J. Ex. Co. v. Nichols, 33 N. J. L. 439; Aurora R. R. Co. v. Grimes, 13 Ill. 587; C. & A. R. R. v. Gretzner, 46 Ill. 75.

APPELLEE'S BRIEF, JOHN SMALL AND W. G. BROOKS, ATTORNEYS.

The fact that the driver was drunk, cuts no figure.    If he was drunk that is remote, as his drunkenness could not necessarily and proximately contribute to the injury.    And however negligent the driver might have been, it does not relieve appellant from the duty of using due care to prevent injury.    Chicago W. Div. R. R. Co. v. Ryan, 131 Ill. 474; I. C. R. R. Co. v. Godfrey, 71 Ill. 500; Werner v. Citizens' R. R. Co., 81 Mo. 368.

The plaintiff may recover, though his own negligence exposed him to the risk of injury, if the defendant failed to use ordinary care to avoid injuring him, after becoming aware of plaintiff's danger.    Shearman & Redfield on Negligence, third edition, p. 43, Sec. 36.

OPINION OF THE COURT, HARKER, P. J.

On the 9th of November, 1892, appellee's hired man, one Aleck Campbell, was engaged in hauling hay from appellee's farm to St. Anne, a station on appellant's railroad. About five o'clock in the evening, Campbell, while in an intoxicated condition, started from the station with the team of appellee, driving in a trot.

He soon fell from the wagon and the team ran away. They ran into a cattle guard on appellant's railroad and became fastened there.    Campbell succeeded in extricating one of the horses, but before he, with the assistance of others, was able to extricate the other one, it was run over by a passing freight train and killed.    Appellee sued the company for the value of the horse and recovered judgment for one hundred dollars.

It is plain from the evidence, that the horse was killed at a place where it had no right to be, and where it would not have been but for the drunkenness and negligence of appellee's servant. It appears also, that appellee was warned of the servant's drunken condition, and told not to allow him to drive the team. It follows that a recovery could not be sustained unless it appear that the servants of appellant operating the train, were guilty of gross negligence.

It appears that while Campbell and two men, whom he had called to his assistance, were endeavoring to extricate the horse, they discovered the freight train approaching, about four miles distant. One of the men procured a lantern from his house, thirty-five or forty rods away, tied a red cotton handkerchief around it and ran down the track to signal the train. As soon as the engineer discovered the signal he whistled for brakes. The brakes were applied, but the train did not stop before reaching the horse. When signaled, the train was moving at the rate of twenty-five miles per hour.

There is a sharp conflict in the testimony as to the distance the engine was from the horse when signaled. According to the testimony of appellee's witnesses the distance was from one hundred to one hundred and twenty rods, while the testimony of the persons operating the train, shows that it was from thirty to forty rods. The engineer testified that as soon as he saw the danger signal he whistled down brakes, applied the air brake on his engine and that every reasonable effort was made to stop the train, but that it was impossible for him to do so before reaching the horse. If his testimony is true, then there is no right of recovery. He was strongly corroborated by the fireman, conductor, two brakemen and a section foreman. In view of the conflict, much must depend upon the reasonableness of the various statements given and the circumstances surrounding the transaction. It is not credible that an engineer, operating a train in the night time, at the rapid rate of twenty-five miles per hour, would dash recklessly on to an obstruction that he knew not the nature of, but against which he

was warned by the flashing of a danger signal before him, thereby endangering his own life and the lives of those on the train with him. Men do not so readily encounter danger. We are clearly of the opinion that the testimony of appellant's witnesses was entitled to greater credit than the contravening testimony on this branch of the case.

The court instructed the jury, that before the defense of negligence on the part of the plaintiff could prevail, it should appear that such negligence was the natural and proximate cause of the injury and must be contemporaneous in point of time. Such is not the law. Under such instruction it is difficult to see how the negligent act of the drunken driver in falling off the wagon and allowing the team to run away, had any bearing with the jury.

For error in the instructions and because the verdict of the jury was against the evidence, the judgment should be reversed. Judgment reversed and cause remanded.